JOSEPH B. TOMLINSON v. WILLIAM E. GATES ET AL.

[See 72 Mich. 420; 88 Id. 112.]

*Mortgage—Foreclosure—Decree—Deficiency.*

It was not intended by the decree in *Gates v. Cornett*, 72 Mich. 420, to relieve the mortgagor, Gates, from his obligation on his note for any deficiency that might arise upon the sale of the mortgaged premises.

Appeal from Jackson. (Peck, J.) Argued November 16, 1893. Decided December 4, 1893.

Bill to foreclose a mortgage. Defendant Gates appeals. Decree affirmed. The facts are stated in the opinion, and in *Gates v. Cornett*, 72 Mich. 420.

*Dwight D. Root*, for complainant.

*Byron S. Ashley* and *Wilson & Cobb*, for appellant.

LONG, J.    Bill was filed in this cause to foreclose the mortgage mentioned in *Gates v. Cornett*, 72 Mich. 420, 436.    The mortgage was given by Gates, and the other defendants are made parties as subsequent incumbrancers. Decree of foreclosure was made in the court below, but the lien held by the two Blairs and Wilson was held to have priority over the mortgage.    The complainant is assignee of the mortgage from Cornett.    Gates alone appeals.

It is contended by his counsel that the court below erred (1) in including in the mortgage lien interest on the mortgage from its date; (2) by providing in the decree that, in case of any deficiency upon sale, Gates should pay the same.

The mortgage is in the ordinary form, and is accompanied by the note of Gates.    Counsel for defendant Gates base their contention upon the ruling of this Court in *Gates v. Cornett, supra*, and claim that this Court so changed the form of the security that it left a lien under the decree with interest from date of decree only, and also relieved Gates from any personal liability for deficiency. It was said in that case:

" We think the benefits received by the complainant on account of the improvements represented by the notes and mortgages set up in the bill of complaint, including the money loaned by defendant to complainant to pay taxes, are equivalent to the note and mortgage dated December 18, 1884, namely, $5,534.82; and this mortgage may stand as a valid security for that amount, but to draw interest only at the rate of 6 per cent., the now legal rate of interest, from date."

It will be seen from this statement that the only change made in the mortgage was in the rate of interest.    No other change was made, or intended to be made, in the

mortgage, and it was expressly stated that it should draw interest from date. It was not intended to relieve Mr. Gates from his obligation on the note for any deficiency that might arise upon the sale. By the decree in that case, the form or character of the security was not changed. The recovery of the amount was not by an enforcement of the decree of this Court, but by proceedings under the mortgage and note. In the trial of this case, the court below very properly held that the interest was payable on the mortgage from date, and that the defendant Gates was personally liable for any deficiency.

In this Court, counsel for complainant attempts to raise the question that the court below was in error in giving the lien of the defendants Blair and Wilson priority over the complainant's mortgage. The complainant took no appeal, and it needs no citation of authority to show that he cannot be heard on that question here.

The decree of the court below is affirmed.

The other Justices concurred.